FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUN 30 PM 12: 36

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| GERALD CINEUS, | ) |
| Petitioner, | ) |
| v. | ) CV 310-103 |
| JANET NEPOLITANO, et al., | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the captioned matter pursuant to 28 U.S.C. § 2241 in an attempt to compel the United States Department of Homeland Security ("DHS") and the United States Immigration & Customs Enforcement Agency ("ICE") to issue him a Certificate of Naturalization based on derivative citizenship. (Doc. no. 1, p. 1.) Petitioner argues that, if he were granted derivative citizenship, he could then be transferred to a Federal Bureau of Prisons ("BOP") facility where he would be incarcerated for a shorter period of time due to benefits available to incarcerated U.S. citizens that are not available to incarcerated aliens.[1] (Id. at 2.)

The matter is now before the Court on Respondent Wells's motion to be dismissed as a party to the instant action (doc. no. 3), the remaining Respondents' (hereinafter "Federal Respondents") first and second motions to dismiss Petitioner's petition (doc. nos. 10, 12-1),

---

[1] Petitioner was incarcerated at McRae Correctional Facility ("MCF") at the time he filed the instant petition (doc. no. 1, p. 1) but is currently incarcerated at the Federal Prison Camp in Pensacola, Florida ("FPC- Pensacola"). (Doc. no. 4, p. 2.)

and the Federal Respondents' motion to dismiss for lack of prosecution (doc. no. 12-2). As Petitioner has not responded to any of these motions, they are all deemed unopposed under Loc. R. 7.5. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Respondents Holder and Aguilar be **DISMISSED** as parties to the instant action, that Respondent Wells's motion to be dismissed as a party to this action, as well as the Federal Respondents' first motion to dismiss Petitioner's petition be **GRANTED**, that the instant petition be **DISMISSED**, and that this action be **CLOSED**.[2]

I. BACKGROUND

Petitioner was convicted in the United States District Court for the Northern District of Florida on December 11, 2001, of conspiracy to possess with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 & 851, and possession with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). See United States v. Benjamin et al., CR 401-048, doc. no. 68 (N.D. Fla. Dec. 11, 2001) (hereinafter CR 401-048); (doc. no. 10, Attach. 2, p. 2.) Subsequently, on March 12, 2002, Petitioner was sentenced to life in prison with 10 years supervised release on both counts, to be served concurrently. See CR 401-048, doc. no. 95 (N.D. Fla. Mar. 12, 2002).

Petitioner states that he entered the United States as a lawful resident on May 10, 1984. (Doc. no. 1, p. 1.) Petitioner argues that he is entitled to derivative citizenship because his father was naturalized on January 3, 1984, at which time Petitioner was twelve

---

[2]As the Court recommends dismissal based on the Federal Respondents' first motion to dismiss (doc. no. 10), the Court also **REPORTS** and **RECOMMENDS** that the Federal Respondents' second motion to dismiss Petitioner's petition (doc. no. 12-1), as well as their motion to dismiss for lack of prosecution (doc. no. 12-2), be **DENIED** as **MOOT**.

years old. (Id.) Petitioner goes on to argue that, as a citizen, he "can be [t]ransferred to a [BOP] [f]acility where he would be able to reap the [b]enefits [of being] a United States [c]itizen" and "be incarcerated for a shorter period of time due to [BOP] programming."[3] (Id. at 2.) As relief, Petitioner requests the Court to compel DHS and ICE to issue a Certificate of Naturalization to him. (Id. at 1.)

## II. DISCUSSION

### A. Respondents Wells, Holder and Aguilar Should be Dismissed as Parties from the Instant Action

In his motion requesting to be dismissed as a party to the instant action, Respondent Wells, Warden at MCF, states that he is not a proper party because he is no longer Petitioner's lawful custodian. (Doc. no. 3, p. 1.) Respondent Wells bases his argument on the law regarding the proper Respondent in a habeas corpus proceeding.[4] (Doc. no. 3, p. 3.) However, as explained, *infra*, the relief that Petitioner seeks is not cognizable as a habeas corpus proceeding, but, under certain circumstances, is properly sought pursuant to a declaratory judgment action. Nevertheless, as the Federal Respondents correctly assert, the

---

[3]As noted, *supra*, in footnote 1, Petitioner has, in fact, been moved from MCF to the BOP operated facility, FPC- Pensacola. Therefore, although Petitioner has not been granted a Certificate of Naturalization, he has been moved to a BOP facility, which is the main reason he supplies for seeking a Certificate of Naturalization in the first place. (See doc. no. 1, p. 2.)

[4]In a habeas corpus proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). As indicated, *supra*, and as acknowledged by the Court in its March 8, 2011 Order, Petitioner is no longer incarcerated at MCF. (See doc. no. 6.) Thus, Respondent Wells is no longer Petitioner's custodian, and therefore, would not be the proper Respondent in a habeas corpus proceeding.

3

only proper party in such a declaratory judgment action is the head of the Department of Homeland Security, Secretary Janet Napolitano. As such, Respondent Wells is not a proper respondent in the instant action; therefore, the Court **REPORTS** and **RECOMMENDS** that Respondent Wells's motion to be dismissed as a party to this action be **GRANTED**. Applying the same analysis, Respondents Holder and Aguilar are also improper Respondents; therefore, the Court **REPORTS** and **RECOMMENDS** that Respondents Holder and Aguilar be **DISMISSED** as parties to the instant action.

### B. The Current Petition Should be Dismissed for Lack of Subject Matter Jurisdiction

In their first motion to dismiss, the Federal Respondents argue, among other things, that this Court does not have subject matter jurisdiction over the instant action because Petitioner's request for a Certificate of Naturalization via derivative citizenship is not cognizable in a habeas corpus proceeding. (See doc. no. 10, Attach. 1, p. 2.) More specifically, the Federal Respondents argue that, because no removal proceedings have been initiated against Petitioner, and because Petitioner has no private right of action requiring DHS to commence such a proceeding, the Court does not have jurisdiction over the instant petition. (Id. at 5-6.) The Court agrees.

There are two instances in which judicial review of a claim of derivative citizenship is appropriate. As the Federal Respondents correctly point out, one such scenario involves the filing of a declaratory judgment action when "an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied" as part of such proceedings. Henriquez v. Ashcroft, 269 F. Supp.2d 106, 108 (E.D.N.Y. 2003). However, the mere fact that a detainer order has been filed against an incarcerated alien does not

4

indicate that the alien is subject to removal proceedings. See, e.g., Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004). Thus, although DHS has lodged a Immigration Detainer against Petitioner, that does not indicate that he is subject to removal proceedings. The Federal Respondents also correctly assert that, if Petitioner were subject to removal proceedings and a claim of derivative citizenship had been denied as part of that proceeding, review of a derivative citizenship claim in the context of a removal proceeding would only be appropriately sought before the correct court of appeals, not a district court. (Doc. no. 10, Attach. 1, p. 6 n.4 (citing 8 U.S.C. § 1252(b)(5)); see also Henriquez, 269 F. Supp. 2d at 108. Moreover, regardless of whether a claim of derivative citizenship is made following an application for a certificate of citizenship, or in conjunction with removal proceedings, all available administrative remedies must be exhausted before a federal court has subject matter jurisdiction to review the claim. (See doc. no. 10, Attach. 1, pp. 7-8 (citing 8 U.S.C. §§ 1452, 1503(a) & 1252(b)(5))); see also Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (noting that the exhaustion requirement is jurisdictional); Henriquez, 269 F. Supp.2d at 108. Here, Petitioner provides no argument, much less evidence, that he has exhausted the required administrative remedies.

The second instance in which judicial review of a claim of derivative citizenship is appropriate is initiated by filing an application for certificate of citizenship with DHS. See 8 C.F.R. § 341.1. If such an application is denied, an appeal may be filed with the Administrative Appeals Unit ("AAU"). Id. § 322.5(b). If an appeal is denied by the AAU, then an applicant may be able to file an action in district court seeking declaratory judgment on his derivative citizenship claim. See 8 U.S.C. § 1503(a); see also Todd-Murgas v. Samuels, 2007 U.S. Dist. LEXIS 29642, at * 5-6 (D.N.J. Apr. 19, 2007) (summarizing

5

regulatory procedure for initiating derivative citizenship claim); Barham v. United States, 1999 U.S. Dist. LEXIS 18160, at *4-5 (E.D.N.Y. Nov. 30, 1999) ("Only after a certificate of citizenship is denied following this administrative procedure does the district court have jurisdiction to determine citizenship").

In this case, Petitioner is not seeking review of a derivative citizenship claim raised in a removal proceeding. Nor is he seeking judicial review of a denial of an application for citizenship initiated with DHS and appealed through the AAU. Here, Petitioner is requesting that the Court compel DHS and ICE to issue a certificate of citizenship without having initiated his derivative citizenship claim in the proper fashion. Thus, jurisdiction under § 2241 is not appropriate in the instant action. See Sundar, 328 F.3d at 1323. The fact that issuance of such a certificate might allow Petitioner to claim entitlement to confinement at a different facility does not bring Petitioner's derivative citizenship claim within the jurisdictional scope of § 2241. See Rivera-Martinez v. Ashcroft, 389 F.3d 207, 208-09 (1st Cir. 2004)(*per curiam*). Because subject matter jurisdiction is not available under § 2241, the Court **REPORTS** and **RECOMMENDS** that the Federal Respondents' first motion to dismiss (doc. no. 10) be **GRANTED**.[5]

### III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Respondents Holder and Aguilar be **DISMISSED** as parties to the instant action, that Respondent Wells's motion to be dismissed as a party to this action (doc. no. 3), as well as the Federal Respondents' first

---

[5]The Federal Respondents also assert that the petition should be dismissed for improper venue. (Doc. no. 10, Attach. 1, p. 2.) However, the Court's recommendation that the petition be dismissed based on lack of subject matter jurisdiction pretermits consideration of this argument.

motion to dismiss Petitioner's petition (doc. no. 10) be **GRANTED**, that the instant petition be **DISMISSED**, and that this action be **CLOSED**.[6]

SO REPORTED and RECOMMENDED this 30th day of June, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]As stated, *supra*, in footnote 2, the Court also **REPORTS** and **RECOMMENDS** that the Federal Respondents' second motion to dismiss petitioner's Petition (doc. no. 12-1), as well as their motion to dismiss for lack of prosecution (doc. no. 12-2), be **DENIED** as **MOOT**.